UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHARLES F. CONCES,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

Case No. 5:04-CV-101

Hon. Richard Alan Enslen

**ORDER OF DISMISSAL**

    Plaintiff Charles F. Cones has brought suit against the Internal Revenue Service on a variety of claims.[1] Defendant Internal Revenue Service has sought dismissal by motion on the ground that the service upon an executive department or agency, except where specifically allowed by statute, is not permitted, and in the absence of proper service upon the United States of America the action must be dismissed due to insufficient service. Plaintiff has not filed a proper response, but has filed a Motion to Strike the dismissal motion.

    Upon review of the dismissal motion, it should be granted. Federal Rule of Civil Procedure 12(b)(5) warrants dismissal in the absence of proper service. The United States Supreme Court held in *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952) that a federal agency may not be sued in its own name in the absence of a direction to do so by Congress. While Congress has permitted suit against the United States of America based on actions of the Internal Revenue Service, it has not directly

---

[1] Plaintiff has labeled his suit as a class action. Such is not permitted, however, because Plaintiff, proceeding *pro se*, is not a proper class representative. *See Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975); *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000).

authorized suit against the Internal Revenue Service. *See, e.g.,* 26 U.S.C. §§ 7432-33; *see also Deleeuw v. I.R.S.*, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Therefore, pursuant to Rule 4(i)(1), service must be made on the United States Attorney and the Attorney General as representatives of the United States. Since this has not been done, dismissal without prejudice is warranted.

Plaintiff's Motion to Strike does not show that a direct suit is permitted against the Internal Revenue Service, or that proper service has been made. The Motion displays a misunderstanding of a number of legal authorities, including the Supreme Court's decision in *Chrysler Corp. v. Brown*, 441 U.S. 281 (1979). *Chrysler Corp.* did not provide a common law action against the Internal Revenue Service. What the Supreme Court held was that the Freedom of Information Act, 5 U.S.C. § 552, did not provide a private cause of action to compel disclosure of confidential government documents in violation of a criminal statute, 18 U.S.C. § 1905. *Id.* at 318-19. The discussion at footnote 23 does not suggest that a private cause of action against the Internal Revenue Service directly is permitted. Further, there is no proper legal basis to employ the "drastic" remedy of a motion to strike. *See generally Wrench LLC v. Taco Bell Corp.,* 36 F. Supp. 2d 787, 789 (W.D. Mich. 1998); *Resolution Trust Corp. v. Vanderweele,* 833 F. Supp. 1383, 1387 (N.D. Ind. 1993).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Internal Revenue Service's Motion to Dismiss (Dkt. No. 3) is **GRANTED** and this suit is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(5).

**IT IS FURTHER ORDERED** that Plaintiff Charles F. Conces' Motion to Strike (Dkt. No. 9) is **DENIED**.

DATED in Kalamazoo, MI:  
    February 24, 2005

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE